519 P.2d 1145

**STATE of Arizona, Appellee,**

v.

**Rockey MOORE and Robert Allen Fierro, Appellants.**

**No. 2442.**

Supreme Court of Arizona, In Division.

March 14, 1974.

Gary K. Nelson, Atty. Gen., by William P. Dixon and Thomas A. Jacobs, Asst. Attys. Gen., Phoenix, for appellee.

O'Dowd, Fahringer & Diamos by Clay G. Diamos, Tucson, for appellants.

HAYS, Chief Justice.

After an extended trial, running more than three weeks in June and July of 1971, the defendant Fierro was either found guilty or entered pleas of guilty to the following charges: Count I, armed kidnaping; Count II, armed kidnaping; Count III, kidnaping; Count IV, assault with a deadly weapon; Count V, assault with intent to commit a felony; Counts X, XII and XIV, each charging conspiracy; and Count XXI, aggravated assault.

Defendant Moore had either entered pleas of guilty to or had been found guilty by the jury of the same crimes as defendant Fierro, except that in addition he was found guilty of Count XX, felon in possession of a pistol.

Each defendant was sentenced to concurrent terms which were to run consecutively to sentences in other cases. Defendants raise no issue as to the sentences other than the application of A.R.S. § 13–1641.

The factual situation involves an attempted jail break at the Pima County Jail. A number of prisoners, including the de-

fendants, were participants in the attempted break. The victims in the alleged offenses were deputy sheriff jailers.

The defendants have raised some five issues on appeal, the first of which questions the jurisdiction of the Superior Court to try the defendants by virtue of the preliminary hearing procedure followed in this case. The preliminary hearing was started before a justice of the peace who, prior to the conclusion of the hearing, commenced a term on the Superior Court to which he had been elected. With an intervening delay, the preliminary hearing was completed before the Superior Court Judge who had commenced it as a justice of the peace. The judge purported to sit as a "Magistrate for Justice Court No. 4."

■ Superior Court Judges are clearly empowered to act as magistrates. State ex rel. Corbin v. Murry, 102 Ariz. 184, 427 P. 2d 135 (1967).

■ The dictates of economy of judicial time commend the procedure followed and we find no legal impediment thereto, nor have defendants showed any prejudice.

■ The defendants next complain that the trial court admitted evidence of other unrelated criminal acts of the defendants. Although conceding that the admission of one felony, *i.e.,* having been convicted of crimes of violence, was a necessary element of one of the charges against each of the defendants, they contend that a showing of multiple convictions, however, was error.

The state contends that the introduction of evidence of conviction of multiple offenses shows motive for the attempted escape. It would appear that defendants had little to lose and much to gain if the escape effort was successful. The state cites State v. Turner, 104 Ariz. 469, 455 P.2d 443 (1969), and State v. McGee, 194 Kan. 246, 398 P.2d 563 (1965), which we do not find persuasive on this point. It was not error for the trial court to admit evidence

of multiple convictions. However, a defendant facing a serious charge who has previously been convicted of felonies can expect a longer sentence and if sentenced has less chance of probation or parole. The motivation for such a person to try to escape is much greater than that of a first offender. There is a valid basis for the admission of the evidence of multiple convictions.

■ The defendants next contend that the trial court erred in shackling all of the defendants in the course of the trial. Apparently during the trial an inmate of the jail reported that the defendants were planning an escape. The court interrogated this inmate *in camera*. The defendants admitted their discussion of escape to their counsel but said it was all in the nature of a joke. The judge further had received information that the defendant Fierro, on a previous occasion, had appeared in court with a pistol concealed and strapped on his leg.

In light of the previous indications of the defendants' violent and lawless natures, and the fact that they were being tried on allegations of serious and violent crimes, we cannot say that under the circumstances the trial judge abused his discretion in having the defendants shackled. State v. Robinson, 6 Ariz.App. 419, 433 P. 2d 70 (1967).

We do not believe that Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), is controlling here, as the facts differ significantly.

■ As a fourth contention, the defendants argue that the prosecutor, Horton Weiss, was guilty of unprofessional and improper conduct amounting to reversible error. This is not a new or novel question for this court as it has been raised in numerous cases which have been prosecuted by Mr. Weiss. As we stated in State v. Moore, 108 Ariz. 215, 495 P.2d 445 (1972), overzealousness of counsel becomes reversible error when it deprives the defendant of a fair trial. A reading of the volumi-

nous transcript of record in this case, although reflecting overzealous conduct on the part of the prosecutor, cannot be said to show defendants were deprived of a fair trial.

■ The final point raised by defendants is the trial court's application of A.R.S. § 13–1641. Defendants contend that the state should have been required to make an election with respect to several counts charged in the information.

The state contends that it was proper for the court to submit each count to the jury because there was at least one different element involved in each offense charged. The state further asserts that the holding of State v. Hunt, 2 Ariz.App. 6, 406 P.2d 208 (1965), doesn't apply because in *Hunt* the defendant had committed one crime and was being charged with the same in various ways.

The crux of the matter as it relates to A.R.S. § 13–1641 is whether or not defendants received double punishment for the same act or omission. The fact of the submission of all counts to the jury was not reversible error. State v. Jorgenson, 108 Ariz. 476, 502 P.2d 158 (1972).

In order to avoid the problem of double punishment, the trial court refused to impose sentences on Counts V, XII, XIV, and XXI. We are not convinced of the merit of defendants' argument that each defendant can be found guilty of only one act of kidnaping. The jury found that the defendants had kidnaped the five different individuals. The kidnaping of each was a separate offense, although part of the acts may have been committed together. The trial court's action in refusing to sentence on certain of the counts cured the aspect of double punishment.

Judgments of conviction and sentences affirmed.

LOCKWOOD, J., concurs.

HOLOHAN, J., specially concurring.