579 P.2d 65

**STATE of Arizona, Appellee,**

v.

**Frank ROCCO, Jr., Appellant.**

**No. 1 CA–CR 2975.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 30, 1978.

Rehearing Denied April 25, 1978.

Review Denied May 31, 1978.

Bruce E. Babbitt, former Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, and Georgia B. Ellexson, Asst. Atty. Gen., Phoenix, for appellee.

Aspey, Watkins & Diesel by Harold L. Watkins, Flagstaff, for appellant.

## OPINION

NELSON, Judge.

Frank Rocco, Jr. brings this appeal from his conviction on one count of rape, one count of kidnapping, and one count of commission of a lewd and lascivious act. Appellant raises three issues for our review:

(1) Did the trial court commit reversible error by refusing to discharge the entire jury panel after some prospective jurors had observed appellant in handcuffs while he was being transported from jail to the courtroom?

(2) Did the entry into the jury room of an alternate juror and her remarks therein require the trial court to declare a mistrial?

(3) Was it an abuse of discretion for the trial court to refuse a new trial on grounds of jury misconduct and cumulative error?

## TRANSPORTATION OF THE APPELLANT IN HANDCUFFS

■ Appellant alleges, and the State admits, that he has a right to be tried without manacles of any sort unless there are exigent circumstances requiring him to be restrained.

In this case, appellant was allegedly seen in handcuffs by some prospective jurors in the hallway immediately outside the courtroom. He argues that this required the trial judge to immediately dismiss the entire panel of prospective jurors because of the possible resulting prejudice against appellant in the minds of the jury. *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). The prohibition against shackling the defendant is not absolute, however, and where it appears the shackling was harmless error beyond a reasonable doubt, the decision of the trial court will not be reversed. *State v. Reid*, 114 Ariz. 16, 559 P.2d 136 (1976).

The trial court in this case succinctly set forth its reasons for refusing to dismiss the entire jury panel as follows:

"[T]he facts are, . . . that prior to the impaneling of the jury or any of the proceedings, that the defendant was brought to the hallway of the courthouse in handcuffs, dressed in street clothes and the handcuffs were in front. He was wearing a long-sleeved sweater, he was escorted through a number of prospective jurors whose identies [sic] are not known. The defendant did not thereafter appear before the Court or impaneled jury in any

type of handcuffs. The Court is of the opinion that the voir dire examination which took place after this single incident and the questions asked by the Court would have been sufficient for the purpose of excluding anyone who might have observed this procedure in some way and been prejudiced by it, if in fact they did observe it."

The facts as found by the trial court are supported by the record, and it did not abuse its discretion by refusing to dismiss the jury. *See State v. Moore*, 110 Ariz. 404, 519 P.2d 1145 (1974). *See also United States v. Acosta-Garcia*, 448 F.2d 395 (9th Cir. 1971); *United States v. Figueroa-Espinoza*, 454 F.2d 590 (9th Cir. 1972).

## PRESENCE OF AN UNAUTHORIZED JUROR IN THE JURY ROOM

Appellant next contends that because an alternate juror entered the jury room subsequent to being dismissed at the end of the trial, a mistrial should have been declared by the trial court. The primary authority cited for this proposition by appellant is *State v. Bindyke*, 288 N.C. 608, 220 S.E.2d 521, 531 (1975):

"The rule formulated by the overwhelming majority of the decided cases is that the presence of an alternate, either during the entire period of deliberation preceding the verdict, *or* his presence at any time during the *deliberations* of the twelve regular jurors, is a fundamental irregularity of constitutional proportions which requires a mistrial or vitiates the verdict, if rendered. And this is the result notwithstanding the defendant's counsel consented, or failed to object, to the presence of the alternate." (Emphasis in original.)

■ This right to a unanimous verdict by a properly constituted jury is, of course, guaranteed to defendants in criminal trials in Arizona. Ariz.Const. Art. 2, § 23, and Art. 6, § 17; *State v. Counterman*, 8 Ariz. App. 526, 448 P.2d 96 (1969). There is no doubt that the defendant is entitled to a decision on his guilt by a jury unaided by outside influences such as the presence of

an alternate juror who has been excused by the court. The only question to be determined, therefore, is whether this jury had begun its function as a separate entity. If it had, a mistrial must necessarily result. *United States v. Beasley,* 464 F.2d 468 (10th Cir. 1972).

■ As developed during hearings in chambers, the facts here show that the excused alternate juror entered the jury room with the rest of the jurors following trial. The bailiff noticed the alternate juror's presence as he was instructing the jury on the use of the telephone. At this time, the bailiff was told by the alternate juror that she wanted "to say a prayer with the jurors before I leave". After a silent prayer, she left the jury room. The total intrusion into the jury room lasted no more than one minute, and probably less. During this short period the bailiff, positioned outside the jury room—although not partitioned by a closed door—could not distinguish anything that was said. It was also established that the exhibits had not yet been brought into the jury room, and that no group action of any sort had been taken by the jury prior to or during this intrusion.

Under the totality of these circumstances, we cannot say that the jury had begun operating as a separate entity when the alternate juror was present. We decline to substitute our judgment for that of the trial court who refused to declare a mistrial. We find support for our decision in *People v. French,* 12 Cal.2d 720, 87 P.2d 1014 (1939), overruled on other grounds in *People v. Valentine,* 28 Cal.2d 121, 169 P.2d 1 (1946), where the California Supreme Court held the momentary presence of two alternate jurors in the jury room before the jury had begun its deliberations did not invalidate the jury's verdict. Even though there may have been some irregularities in the conduct of the jury here, absent a showing of prejudice, it was not error for the trial court to fail to declare a mistrial. *State v. Brewer,* 26 Ariz.App. 408, 549 P.2d 188 (1976).

Moreover, the trial court specifically asked appellant, not once but twice, whether he wished to move for a mistrial on this matter, and allowed counsel time to consider the matter and fully research the subject. The trial court indicated that it was possibly fundamental error to allow the jury to continue its deliberations under the circumstances.

■ The appellant will not be permitted to wait until after an unfavorable verdict is returned and then complain. Having chosen not to move for a mistrial when the matter first became known and when it appeared the trial judge was favorably disposed to the motion, and having elected to let the jury continue its deliberations in the hope of a verdict of acquittal, appellant cannot now take advantage of this alleged error without showing a strong probability of prejudice. *State v. Adams,* 27 Ariz.App. 389, 391, 555 P.2d 358, 360 (1976). No such case has been made here.

## JURY MISCONDUCT AND CUMULATIVE EFFECT OF ERRORS

■ In support of his argument that a new trial was required, appellant alleges misconduct on the part of two jurors. He first contends that one of the jurors failed to respond fully to voir dire questioning regarding acquaintance or dealings with partners of appellant's counsel. Rule 24.1(c)(3)(iii), Arizona Rules of Criminal Procedure, provides that the court may grant a new trial when a juror has willfully failed "to respond fully to a direct question posed during the voir dire examination". The second allegation of juror misconduct concerns the presence in the courtroom during much of the trial of a rape counselor known to one of the jurors. This, appellant claims, put significant pressure on the juror to find appellant guilty, citing *State v. Gallagher,* 97 Ariz. 1, 396 P.2d 241 (1964). We have examined the record, and find that neither Rule 24.1 nor *State v. Gallagher, supra,* required the trial court to order a new trial. Where there is a factual conflict regarding the basis for a new trial, it is the duty of the trial court to resolve the conflict and, absent a showing that he has abused his discretion, this Court will not substitute its

judgment in the place of the trier of fact. *State v. Ebert*, 110 Ariz. 408, 519 P.2d 1149 (1974). There was no abuse of discretion in this case and the record fully supports the trial court's action. *State v. Brewer, supra.*

## CONCLUSION

The trial judge did not err in these discretionary rulings relating to the jury, and the appellant received a full and fair trial.

The judgments of conviction and the sentences thereon are affirmed.

HAIRE, P. J., and FROEB, C. J., concur.