617 P.2d 42

**The STATE of Arizona, Appellee,**

v.

**Louis Andrew SMITH, Appellant.**

**No. 2 CA–CR 1950.**

Court of Appeals of Arizona, Division 2.

July 30, 1980.

Rehearing Denied Sept. 5, 1980.

Review Denied Sept. 25, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and David R. Cole, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Frank P. Leto, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was found guilty by a jury of sexual assault with a prior non–dangerous offense and was sentenced to imprisonment for 10 and one–half years. He contends that the trial court (1) wrongfully denied his request for a twelve–man jury; (2) erred in allowing into evidence, for impeachment purposes, a prior burglary conviction; (3) erred in failing to direct a verdict in his favor on the issue of the prior conviction and erroneously refused to instruct the jury on this issue; and (4) that the conduct of the prosecution in final argument denied him a fair trial. We affirm.

■ Appellant contends that the prosecutor in his final argument to the jury made an improper reference to him as a liar and improperly vouched for the credibility of the complaining witness. Appellant admitted in his testimony that he told several lies to the detectives who were investigating the crime. He also admitted that he had previously disclaimed the version of the incident which he testified to at trial. Defense counsel characterized appellant's statement to one of the detectives as a lie during his closing argument. Except in cases of fundamental error, opposing counsel must timely object to any erroneous or improper statements made during closing argument or waive his right to the objection. The purpose of the timely objection

rule is to allow the court to correct the error promptly. Appellant made no objection to the prosecutor's closing argument, nor did he move for a mistrial. Assuming arguendo that some of the remarks made by the prosecutor were improper, they did not constitute fundamental error. Appellant's failure to timely object constituted a waiver.

■ Although appellant correctly states that he was faced with the maximum sentence of 21 years in prison, his contention that he was entitled to a twelve–man jury is without merit. Arizona Constitution Art. 2, Sec. 23, provides:

"The right of trial by jury shall remain inviolate. Juries in criminal cases in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons."

For a sentence of 21 years trial by twelve jurors was not required.

Appellant further alleges that the trial court erred in admitting into evidence his prior conviction for burglary. We do not agree. See *State v. Dixon,* 126 Ariz. 613, 617 P.2d 779 (1980). The trial court did not err in submitting the prior conviction to the jury.

■ A.R.S. Sec. 13–604(I) provides:

"A person who has been convicted in any court outside the jurisdiction of this state of an offense which if committed within this state would be punishable as a felony or misdemeanor is subject to the provisions of this section. . . ."

Defense counsel told the court in his motion in limine concerning the admissibility of a prior Indiana burglary conviction for impeachment purposes that the prior conviction involved a "theft of a jewelry store." An Indiana prosecutor testified that he had represented the State of Indiana against Mr. Smith and that the prior conviction was for second–degree burglary which was punishable in the Indiana State Prison by a sentence of two to five years. Documentary evidence was also introduced proving the Indiana conviction.

The question as to whether the Indiana offense is a felony or misdemeanor in the State of Arizona is one of law, to be decided by the trial court and not the jury. At the time of the Indiana offense, second-degree burglary consisted of the breaking and entering into a building or structure other than a dwelling house or place of human habitation with the intent to commit a felony therein. Indiana Code Sec. 35–13–4–4(b) (Burns 1972); *Carter v. State*, 356 N.E.2d 220 (1976). The Indiana conviction is for an offense which if committed in Arizona would have been a felony under A.R.S. Sec. 13–1506.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.