759 P.2d 1320

**STATE of Arizona, Appellee,**

v.

**Gary Michael AULT, Appellant.**

**No. CR–86–0388–AP.**

Supreme Court of Arizona,
En Banc.

Aug. 4, 1988.

GORDON, Chief Justice.

In the early morning hours of December 27, 1984, Appellant, Gary Ault, broke into a home, entered the bedroom of a one-year-old boy and a six-year-old girl, and fondled the young girl's genitalia. When the victim awoke and screamed, Ault ran out of the house. The details of the investigation and the facts as brought out in Ault's first trial are reported in *State v. Ault*, 150 Ariz. 459, 724 P.2d 545 (1986).

Ault was indicted on January 3, 1985, for the crimes of second-degree burglary and child molestation. The State alleged prior convictions for six offenses from the State of California. Appellant was convicted on March 21, 1985, on both counts, and was sentenced to life imprisonment for child molestation and a concurrent 11.25–year term for burglary. This court reversed and remanded. *State v. Ault*, 150 Ariz. 459, 724 P.2d 545 (1986).

Following a mistrial, Appellant was retried on November 20, 1986. He was again convicted of second-degree burglary and child molestation, and again received a life sentence for child molestation and a concurrent 11.25–year term for burglary. He appeals his convictions and sentences. We have jurisdiction pursuant to Ariz.Const. art. 6 § 5(3) and A.R.S. § 13–4031.

## I. QUESTIONS PRESENTED

Appellant raises two issues on appeal.
1. Was Appellant properly sentenced pursuant to A.R.S. § 13–604(N)? [1]
2. Did the trial court err in denying Appellant's motion for a new trial?

## II. SENTENCING

### A.

Appellant was initially indicted for burglary in the second degree, in violation of A.R.S. §§ 13–1507, 13–1501, 13–701 and 13–801, and child molestation, in violation of A.R.S. §§ 13–1410, 13–701, and 13–801. The State moved to amend the indictment

Robert K. Corbin, Atty. Gen., William J. Schafer III, Chief Counsel, Crim. Div., Greg A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Robert J. Roberson, Yuma, for appellant.

1. Appellant was sentenced under § 13–604(N) and (O) as they existed in December, 1984. Laws 1984, ch. 325, section 1. Unless the context indicates otherwise, all references to § 13–604 will refer to the statute as amended at that time.

under A.R.S. § 13–604, to allege that Appellant had previously been convicted in California of six offenses: burglary, oral copulation by force and violence, and attempted rape by threats of bodily harm (occurring on one occasion); and burglary, oral copulation by force and violence, and rape by threats of bodily harm (occurring on a different occasion). Certified records, including an abstract of judgment, Ault's picture and his fingerprints were attached to the motion. Appellant did not object to the motion, and the trial court granted it. Appellant then denied the allegations in the amendment.

Subsequently, the State moved to amend the indictment under A.R.S. § 13–604.01(B) to allege that Appellant committed the instant offense while released on bond. Appellant opposed this second motion on the ground that he had not yet been convicted of the charge mentioned in the motion. At the hearing on the motion, the trial court observed that the appropriate section would be A.R.S. § 13–604(M). The State agreed, and the court ordered the motion corrected to reflect the new statutory citation. Appellant had no opposition to the motion as altered. He then denied the allegations in the amendment.

At the first trial, while the jury was deliberating on the principal charges, the trial court asked the State if it had evidence to prove Appellant's priors. The State replied that it did, and detailed its evidence. The trial court then observed that A.R.S. § 13–604(N) would be applicable. The trial court asked the State whether it also intended to pursue a conviction under A.R.S. § 13–604(M), and the State replied that it did not. After Appellant's conviction of the principal offenses, the jury also found Ault guilty of having the six prior convictions the State had alleged. The court entered a minute entry to reflect that the State was proceeding under A.R.S. § 13–604(N), and dropped its amendment under A.R.S. § 13–604(M). On the child molestation count, Appellant was sentenced

as a serious offender under A.R.S. § 13–604(N).

On remand, Ault asserted that the trial court could not sentence him under A.R.S. § 13–604(N). Ault alleged that the court lacked a sufficient basis for determining whether the California priors were "serious" under the subsection. He also claimed that the jury, rather than the judge, should have determined whether the priors, which Appellant admitted, were serious under § 13–604(N). The trial court disagreed. It ruled that Ault's present conviction for child molestation was a serious offense. It also ruled that Ault's prior convictions for oral copulation by force and violence (first occasion), oral copulation by force and violence (second occasion), and rape were serious. Accordingly, the trial court, on the molestation conviction, sentenced Appellant to life imprisonment without eligibility for parole for 25 years. *See* A.R.S. § 13–604(N).[2]

### B.

A.R.S. § 13–604(N), at all times relevant to this proceeding, provided:

A person who is at least eighteen years of age or who has been tried as an adult and who stands convicted of a serious offense ... and who has previously been convicted of two or more serious offenses not committed on the same occasion shall be sentenced to life imprisonment and is not eligible for ... release from confinement on any ... basis ... until the person has served not less than 25 years.

"Serious offense" was defined in § 13–604(O) as:

any of the following offenses if committed in this state or any offense committed outside this state which if committed in this state would constitute one of the following offenses:

. . . .

5. Sexual assault.
6. Child molestation.

---

2. For purposes of sentencing Appellant on his conviction for burglary in the second degree, the trial court found that Appellant had two priors, and therefore enhanced his sentence un-

der A.R.S. § 13–604(D). Accordingly, the trial court sentenced Appellant to a concurrent term of imprisonment for 11.25 years on the burglary conviction.

. . . .

Appellant raises two objections to his sentence. First, he claims that the jury, not the judge, should determine whether prior convictions qualify as "serious offenses" under § 13–604(N) and (O). Second, he claims that an inadequate showing was made that his prior convictions qualified as serious offenses.[3] We discuss these objections separately.

1. Who should determine seriousness?

Immediately after the jury returned its verdict on the principal charges, Ault admitted that he had been previously convicted of six felonies in California.[4] The felonies included two convictions for "oral copulation by force and violence" and one conviction for "rape by threats of bodily harm."[5]

At the sentencing hearing, the trial court found that Ault was guilty of the crime of child molestation, a serious offense as defined in A.R.S. § 13–604(O)(6), and had previously been convicted of two counts of oral copulation by force and violence (on two separate occasions), also serious offenses under A.R.S. § 13–604(O)(5). Therefore, the court imposed the mandatory sentence of life imprisonment without release on any basis until Ault served 25 years.

Ault argues that, although he admitted the fact of his prior convictions, he did not admit that they were serious. He contends that the jury, not the judge, should have

determined this issue. He urges this court to rule that the serious nature of priors is similar to a finding of dangerousness, which he contends is a question for the trier of fact to determine. *See State v. Brydges,* 134 Ariz. 59, 653 P.2d 707 (App. 1982); *cf. State v. Hunter,* 137 Ariz. 234, 236–239, 669 P.2d 1011, 1015–16 (App. 1983). We disagree.

The construction Appellant urges is inconsistent with the language of A.R.S. § 13–604.[6] Section 13–604(K) provides:

The penalties prescribed by this section shall be substituted for the penalties otherwise authorized by law if the *previous conviction, the dangerous nature of the felony or the allegation that the defendant committed a felony while released on bond or on his own recognizance as provided in subsection M of this section* is charged in the indictment or information and admitted or found by the trier of fact. . . .

(Emphasis added.)

█ This subsection expressly lists those things that must be found by the trier of fact. The serious nature of an offense is not listed. Generally, when the legislature expresses a list, we assume the exclusion of items not listed. *Pima County v. Heinfeld,* 134 Ariz. 133, 654 P.2d 281 (1982); *State v. Allred,* 102 Ariz. 102, 425 P.2d 572 (1967).

3. Appellant's brief can also be read to complain that Appellant did not have proper notice of the State's intention to seek an enhanced sentence under § 13–604(N). As Appellant was previously sentenced under this subsection at his first trial, he certainly had adequate notice that the State intended to pursue a sentence under this subsection well before his second trial. *See State v. Noriega,* 142 Ariz. 474, 482–83, 690 P.2d 775, 783–84 (1984); *State v. Waggoner,* 144 Ariz. 237, 239, 697 P.2d 320, 322 (1985).

4. Ault admitted the priors after an exhaustive explanation of his right to force the State to prove the prior convictions to the jury. *See* Ariz.R.Crim.P. 17, 18.1(b), 19.1(b)(2); *State v. LaGrand,* 152 Ariz. 483, 487–88, 733 P.2d 1066, 1070–71, *cert. denied,* — U.S. —, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987). The judge also explained the sentence that would be imposed if the priors were admitted or found to exist by

the jury. Nonetheless, Ault admitted the priors because "[t]here's no reason why the jury wouldn't find me guilty of those priors. It is just easier to admit them."

5. The other convictions were for two counts of burglary and one count of attempted rape by threats of bodily harm.

6. Section 13–604 contains several subsections that provide for enhanced sentences for repeat offenders and/or for those convicted of dangerous crimes. *See* § 13–604(A)–(D) (repeat offenders); § 13–604(F)–(H) (dangerous and repeat offenders). Moreover, § 13–604(M) provides for sentence enhancement for a person who commits a crime while released on bail or on his own recognizance. Finally, § 13–604(N) and (O) provide enhancement for one convicted of a "serious offense" who has previously been convicted of two "serious offenses."

The history of § 13–604 also supports the conclusion that the trial judge must determine seriousness. Before its amendment in 1981, § 13–604 provided for enhanced punishment only for recidivists and/or dangerous offenders. *See* 1980 Ariz.Sess. Laws, ch. 229, § 7. At that time, § 13–604(K) required that prior convictions and the dangerous nature of convictions had to be either admitted or found by the trier of fact. *Id.* In 1981, the legislature amended A.R.S. § 13–604 to prescribe an enhanced sentence for a person convicted of committing a felony while released on bail or on his own recognizance. *See* A.R.S. § 13–604(M), 1981 Ariz.Sess.Laws, ch. 165, § 1. In the same act, the legislature amended § 13–604(K) to provide that in order to impose an enhanced penalty under the new subsection, the defendant had to admit or the trier of fact had to find that the defendant committed the crime while on bond or while released on his own recognizance.

Conversely, when the legislature added § 13–604(N) and (O) to provide for enhanced punishments for repeat "serious" offenders, it did not amend subsection K to provide that "seriousness" must be found by the trier of fact. Because the legislature obviously knew how to require a jury finding when that was its intention and did not make such a provision here, we conclude that the legislature did not intend for seriousness to require a separate finding by the trier of fact.

Moreover, leaving the seriousness determination to the trial judge is the sensible rule. Whether an offense is serious as defined in A.R.S. § 13–604(O) is purely a legal question; it does not depend on the merits of alternative versions of the facts. Once the fact of conviction is admitted or found by the trier of fact, the judge merely determines whether the offense constitutes one of the enumerated felonies.

Our courts have reached this conclusion in similar contexts. A.R.S. § 13–604(I) provides that a conviction from a jurisdiction outside of Arizona, "which if committed within this state would be punishable as a felony ... is subject to the provisions of this section." The court of appeals has held that "the question as to whether an out-of-state conviction would constitute a felony or a misdemeanor in Arizona is a question of law, which must be decided by the trial court." *State v. LeMaster*, 137 Ariz. 159, 167, 669 P.2d 592, 600 (App.1983) (citing *State v. Smith*, 126 Ariz. 534, 617 P.2d 42 (App.1980)). *See also, State v. Carter*, 145 Ariz. 101, 110–11, 700 P.2d 488, 497–98 (1985) (trial judge must determine whether defendant was on parole for purposes of A.R.S. § 13–604.01(A)); *State v. Turner*, 141 Ariz. 470, 474–75, 687 P.2d 1225, 1229–30 (1984) (same).

We hold that the trial judge should determine whether convictions are serious as defined in § 13–604(N) and (O).

2. Did the trial court correctly determine that Ault's prior convictions were serious?

Having determined that it was proper for the judge to decide whether Ault's prior convictions were serious, we must now consider whether the judge properly determined that prior convictions for oral copulation by force and violence were "serious" under § 13–604(O). In this regard, the trial court stated:

[T]hose offenses are [the] equivalent of sexual assault, as defined in our statutes, which places it squarely within the provisions of A.R.S. § 13–604(O) and the law as it existed in 1984 at the commission of this offense. Sexual assault at that time and now, for that matter, being defined under A.R.S. § 13–1406 as committed by one who intentionally or knowingly engaged in sexual intercourse or oral sexual conduct with any person without the consent of that person. Sexual contact includes direct or indirect fondling or manipulating any part of the genitals, anus or female breast.

The record is quite complete in its description of the California convictions and consists of two counts of oral copulation by force and violence.... [T]he description of those offenses in California ... leaves nothing to the imagination regarding whether they fall within the

category of serious offense under our statutes.

We agree.

■ In order to say that the California convictions "would constitute" one of the felonies enumerated in A.R.S. § 13–604(O), we must be sure that the juries in the prior cases actually found beyond a reasonable doubt every element that would be required to prove an enumerated Arizona offense. *See State v. Wilson*, 152 Ariz. 127, 730 P.2d 836 (1986); *State v. Phillips*, 139 Ariz. 327, 678 P.2d 512 (App.1983).

We judicially notice[7] that the crime of oral copulation by force or violence under California Penal Code § 288a(c) (1976) involves:

(a) Oral copulation is the act of copulating the mouth of one person with the sexual organ of another person.

. . . .

(c) Any person who participates in an act of oral copulation with another person ... who has compelled the participation of another person in an act of oral copulation by force, violence, duress, menace, or threats of great bodily harm, shall be punished by imprisonment ... for a period of not less than three years.

. . . .

1975 Cal.Sess.Laws, Ch. 877.

■ In Arizona, "[a] person commits sexual assault by intentionally or knowingly[8] engaging in sexual intercourse *or oral sexual contact* with any person without consent of such person." A.R.S. § 13–1406(A). (Emphasis added.) " 'Oral sexual contact' means oral contact with the penis, vulva or anus." A.R.S. § 13–1401.

We agree with the trial court that the elements that the jury necessarily found beyond a reasonable doubt in convicting Ault of oral copulation by force and violence also support a conviction under A.R.S. § 13–1406. The trial court thus correct-ly found that these prior convictions were serious under A.R.S. § 13–604(O), and correctly imposed a mandatory life sentence.

## II. DENIAL OF MOTION FOR NEW TRIAL

■ After trial but before sentencing, Appellant moved for a new trial, asserting that a juror had perjured himself during voir dire when he failed to reveal that Ault's sister, Lorraine Lively, was one of his neighbors. The Arizona Rules of Criminal Procedure provide that the court may grant a new trial when a juror has wilfully failed to respond to a direct question during the voir dire examination or when a juror has improperly received evidence not admitted at trial. Ariz.R.Crim.P. 24.-1(c)(3)(i), (iii). However, absent an abuse of discretion we will not reverse a trial court's decision to grant or deny a new trial. *State v. Hansen*, 156 Ariz. 291, 295, 751 P.2d 951, 955 (1988); *State v. Rocco*, 119 Ariz. 27, 29, 579 2d 65, 67 (App.1978).

■ In the instant case, the trial court conducted an evidentiary hearing to determine whether grounds for a new trial existed. At the hearing, the juror testified that, although Lively did live a few houses away from him, he did not know that Appellant and Lively were related. Moreover, the juror avowed that, during voir dire, he did not know who Ault was. The juror further testified that because Lively attended each day of the trial, he eventually surmised that she was an "interested party," and even guessed that she might be related to Ault. However, the juror claimed that he learned for certain that Lively was Appellant's sister only after the jury had been dismissed, when Lively visited the juror's home to question him about the verdict.

The juror testified that the fact that he wondered whether Lively was related to Appellant did not affect his deliberations. He affirmed that he had heard nothing about Ault or any reference to Lively's brother. He also acknowledged that he

---

7. *See State v. Smith*, 125 Ariz. 412, 416–417, 610 P.2d 46, 50–51 (1980); *State v. Robertson*, 128 Ariz. 145, 147, 624 P.2d 342, 344 (App.1980).

8. The crime of oral copulation by force and violence is a crime requiring intent to commit the forbidden act. *See People v. Brocklehurst*, 14 Cal.App.3d 473, 92 Cal.Rptr. 340 (1971).

knew nothing about Lively that would have made him think badly of her brother. The juror testified that he would have disclosed that Lively was his neighbor had he known during voir dire of her relationship with Ault. However, the juror stated that it would have in no way affected his ability to act as a fair and impartial juror.

Lively testified at the same hearing that when she saw the juror at the start of the trial, he looked familiar, but she could not place him. She claimed that she did not recognize him for certain until after the verdict had been returned. She testified that the juror's daughter had told her, after the verdict was returned, that the juror had come home on the first night of trial upset that he was "trying Lorraine's brother." Thus, Ault argues that the juror lied when he said he did not know of Lively and her relationship with Ault during voir dire. Additionally, Ault asserts that the juror might have heard something about Ault's first trial that could have affected his role as a juror. The basis for Ault's assertion was that there had been gossip in the neighborhood about his activities.

■ At the end of the hearing, the trial court stated that Lively's testimony was "sheer speculation," and Appellant's declaration that he would have used a peremptory strike against the juror had he known that the juror was Lively's neighbor was a matter of hindsight. The trial court denied the motion for a new trial.

We have independently examined the record and find that the trial court did not abuse its discretion in denying Ault's motion for a new trial. Where a factual conflict exists regarding the basis for a new trial, the trial court must resolve the conflict. *State v. Rocco*, 119 Ariz. at 29, 579 P.2d at 67. Absent an abuse of discretion this court will not disturb the trial court's ruling. *State v. Chaney*, 141 Ariz. 295, 311, 686 P.2d 1265, 1281 (1984). We find no abuse of discretion.

We have searched the record for fundamental error according to the mandate of A.R.S. § 13–4035, *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). We have found none.

Judgment and sentence affirmed.

FELDMAN, V.C.J., and CAMERON, HOLOHAN and MOELLER, JJ., concur.