IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

————————————

THE STATE OF ARIZONA,
*Appellee,*

*v.*

GREGORY CHARLES RHOME,
*Appellant.*

No. 2 CA-CR 2013-0346
Filed August 19, 2014

————————————

Appeal from the Superior Court in Cochise County
No. CR201200582
The Honorable John F. Kelliher Jr., Judge

**VACATED**

————————————

COUNSEL

Thomas C. Horne, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By Amy M. Thorson, Assistant Attorney General, Tucson
*Counsel for Appellee*

Harriette P. Levitt, Tucson
*Counsel for Appellant*

————————————

**OPINION**

Judge Howard authored the opinion of the Court, in which Presiding Judge Kelly and Judge Vásquez concurred.

H O W A R D, Judge:

¶1 Gregory Rhome was convicted by a jury of first-degree failure to appear in connection with a felony. On appeal, he argues the trial court made various erroneous rulings and that insufficient evidence supported the jury's verdict. Because we agree the evidence was insufficient, we vacate Rhome's conviction and sentence.

**Factual and Procedural Background**

¶2 Rhome failed to appear for a scheduled hearing in connection with a criminal charge in October 2012. He was charged and convicted as noted above, and sentenced to an enhanced prison term of eight years. We have jurisdiction over his appeal pursuant to A.R.S. §§ 12-120.21(A)(1) and 13-4033(A)(1).

**Sufficiency of the Evidence**

¶3 Rhome first argues that insufficient evidence supported the jury's verdict because the state did not present any evidence that the hearing at which he failed to appear was in connection with a felony. When considering claims of insufficient evidence, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Rhome. *See State v. Kasic*, 228 Ariz. 228, ¶ 29, 265 P.3d 410, 416 (App. 2011).

¶4 Rhome failed to raise this specific argument at trial, and we therefore review only for fundamental, prejudicial error. *See State v. Zinsmeyer*, 222 Ariz. 612, ¶ 27, 218 P.3d 1069, 1080 (App. 2009) (sufficiency of evidence claim not raised below reviewed for fundamental error), *overruled on other grounds by State v. Bonfiglio*, 231 Ariz. 371, 295 P.3d 948 (2013). But both the Arizona and United States Constitutions guarantee every criminal defendant the right to have "'a jury find him guilty of all the elements of the crime with which he is charged.'" *State v. Martinez*, 210 Ariz. 578, ¶ 7, 115 P.3d 618, 620 (2005), *quoting United States v. Booker*, 543 U.S. 220, 230 (2005); U.S. Const. amend. VI; Ariz. Const. art. II, § 24. And the state has the "burden to prove all elements of the offense, beyond a

reasonable doubt." *State v. Sucharew*, 205 Ariz. 16, ¶ 32, 66 P.3d 59, 69 (App. 2003). Thus, "'convictions [must] rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.'" *State v. Carreon*, 210 Ariz. 54, ¶ 46, 107 P.3d 900, 910 (2005), *quoting United States v. Gaudin*, 515 U.S. 506, 510 (1995) (alteration in *Carreon*). Fundamental error therefore occurs when a person is convicted of "'a crime when the evidence does not support a conviction.'" *State v. Stroud*, 209 Ariz. 410, n.2, 103 P.3d 912, 914 n.2 (2005), *quoting State v. Roberts*, 138 Ariz. 230, 232, 673 P.2d 974, 976 (App. 1983).

¶5 Section 13-2507(A), A.R.S., pursuant to which Rhome was convicted, states that "[a] person commits failure to appear in the first degree if, having been required by law to appear in connection with any felony, such person knowingly fails to appear as required, regardless of the disposition of the charge requiring the appearance." Rhome argues that the state did not meet its burden of proof because it did not present any evidence that he had been facing a felony charge in the underlying criminal case.

¶6 At trial, the jury heard testimony from the judge and Rhome's attorney in the underlying criminal case; evidence also included several transcripts and minute entries indicating that Rhome was present when the hearing date was set, but failed to appear at the hearing. None of these witnesses, transcripts, or minute entries indicated, however, what the underlying criminal charges were or that they were felonies. Based on the record before us, "'there is a complete absence of probative facts to support [the jury's] conclusion.'" *Kasic*, 228 Ariz. 228, ¶ 29, 265 P.3d at 416, *quoting State v. Carlisle*, 198 Ariz. 203, ¶ 11, 8 P.3d 391, 394 (App. 2000) (alteration in *Kasic*).

¶7 The state contends that the issue of whether an offense is a felony is a question of law and not an element of the offense, citing *State v. Smith*, 126 Ariz. 534, 617 P.2d 42 (App. 1980). But *Smith* concerns whether an out-of-state crime is a felony or misdemeanor for impeachment purposes in Arizona, an issue "to be decided by the trial court and not the jury." *Id*. at 536, 617 P.2d at 44. Section 13-2507(A), on the other hand, criminalizes the failure to appear in connection with a felony, making the classification of the

charge an element of the offense that must be proven to a jury beyond a reasonable doubt. *See Carreon*, 210 Ariz. 54, ¶ 46, 107 P.3d at 910. Therefore, the state has failed to show that the charge's classification in this case is an issue of law for the court.

**¶8** The state further asks that we take judicial notice that the underlying criminal charges were felonies. Rule 201(b), Ariz. R. Evid., provides that a court may take judicial notice of any fact that "is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." And a court may properly take judicial notice of its own records. *See id.*; *see also In re Sabino R.*, 198 Ariz. 424, ¶ 4, 10 P.3d 1211, 1212 (App. 2000). But if a trial court does take judicial notice of a fact in a criminal case, "the court must instruct the jury that it may or may not accept the noticed fact as conclusive." Ariz. R. Evid. 201(f).

**¶9** Accordingly, a fact may not be removed from the jury's consideration simply because the trial court took judicial notice of that fact. *See id.*; *see also United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994) (trial court does not "usurp the jury's fact-finding role by taking judicial notice" if court instructs jury that it is not required to accept fact as conclusive); *United States v. Mentz*, 840 F.2d 315, 318-20 (6th Cir. 1988) (error to instruct jury to conclusively accept judicially noticed fact that bank was insured at time of robbery, an essential element of the offense, as it "had the effect of relieving the government of its burden of proving, beyond the jury's reasonable doubt, that the accused committed the crimes charged").[1] We therefore reject the state's request that we take judicial notice of the classification of the charges.

---

[1]The portion of Rule 201(f) pertaining to criminal cases was added in 2011 to conform the Arizona rule to the Federal rule. Ariz. Sup. Ct. Order R-10-0035, 9-10 (Sept. 8, 2011); *see also* Fed. R. Evid. 201(f). Therefore, we find these federal authorities persuasive. *See State v. Campoy*, 220 Ariz. 539, ¶ 108, 207 P.3d 792, 799 (App. 2009) (Arizona courts look to federal case law when interpreting Arizona rule based on its federal counterpart).

¶10    The state maintains this court may nonetheless take judicial notice of an element of the offense, relying on *Sabino R.*, 198 Ariz. 424, ¶ 4, 10 P.3d at 1212. In that case, a juvenile "was adjudicated delinquent for aggravated assault and underage consumption of alcohol." *Id.* ¶ 1. During trial, the state failed to produce evidence that the juvenile was underage. *Id.* ¶ 2. On appeal, this court took judicial notice of the fact that the juvenile was underage because "[t]he juvenile court could have taken judicial notice of its files, which contain Sabino's birth-date, and thus have found him to be under age 21." *Id.* ¶ 5.

¶11    But *Sabino R.* involved a juvenile delinquency proceeding, in which the judge, and not a jury, acts as the trier of fact. *See* Ariz. R. P. Juv. Ct. 6. Thus, taking judicial notice of the defendant's age on appeal did not take away the jury's fact-finding responsibility. *See Martinez*, 210 Ariz. 578, ¶ 7, 115 P.3d at 620. Consequently, *Sabino R.* does not support the state's argument that this court may take judicial notice of an element of a criminal offense for the first time on appeal.

¶12    Furthermore, were this court to judicially notice the felonious nature of Rhome's underlying charges, it would effectively deny him the right to have a jury determine his guilt based on proof as to all the elements of the offense. Thus, taking judicial notice of an element of the offense for which no evidence was presented at trial would violate Rhome's constitutional rights and be contrary to the rules of criminal procedure. *See Chapel*, 41 F.3d at 1342; *see also Mentz*, 840 F.2d at 318-20; *Martinez*, 210 Ariz. 578, ¶ 7, 115 P.3d at 620; Ariz. R. Evid. 201(f).

¶13    The state also points out that the bench warrant in the underlying case initially was published to the jury in its entirety and that it showed the charges against Rhome. The charges, however, were redacted before the bench warrant was sent into the jury room. The trial court redacted the charges without explanation presumably because it concluded they constituted inadmissible evidence,[2] and

---

[2] Rhome requested the redaction and the prosecutor immediately agreed, stating "I didn't realize they were in there or I

the jury therefore was not allowed to consider them. *See State v. May*, 210 Ariz. 452, ¶¶ 22-23, 112 P.3d 39, 45 (App. 2005) (inadmissible evidence may not establish element of the offense). Additionally, the trial record, and therefore the record on appeal, contains only the redacted version of the bench warrant. Accordingly, this court cannot tell what was excised from the warrant and thus what evidence initially was presented to the jury during trial. Because this court cannot confirm that the record contains evidence that the charges were felonies, we cannot agree with the state's contention.

## Disposition

**¶14** Having determined that fundamental error occurred because insufficient evidence supported the jury's verdict, we vacate Rhome's conviction and sentence.[3] *See Kasic*, 228 Ariz. 228, ¶ 31, 265 P.3d at 416.

---

would have redacted it myself." And the state does not argue on appeal that evidence of the exact charges was otherwise admissible.

[3]Because we are vacating Rhome's conviction and sentence, we need not address the other issues he has raised on appeal.