UNITED STATES of America,
Plaintiff–Appellee,

v.

Roby Taylor CHAPEL, Jr.,
Defendant–Appellant.

No. 93–50430.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 3, 1994 *.

Decided Dec. 12, 1994.

* The panel unanimously finds this case suitable for
decision without oral argument. Fed.R.App.P.
34(a) and Ninth Circuit Rule 34–4.

Leon L. Peterson, Deputy Federal Public Defender, Santa Ana, CA, for defendant-appellant.

John C. Rayburn, Jr., Asst. U.S. Atty., Santa Ana, CA, for plaintiff-appellee.

Before: O'SCANNLAIN and T.G. NELSON, Circuit Judges, and MERHIGE,** District Judge.

T.G. NELSON, Circuit Judge:

## OVERVIEW

Roby. Taylor Chapel, Jr. (Chapel) appeals his jury conviction for armed robbery of the First Federal Savings and Loan Association of San Bernardino (Bank). He challenges his conviction on the grounds that the Government failed to provide sufficient evidence that the Bank was federally insured. He also contends the district court erred by taking judicial notice of the Bank's insured status. We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 8, 1991, an armed man entered the Bank and demanded cash from the tellers. As a result of this crime, Chapel was charged with three counts, including one count of armed bank robbery in violation of 18 U.S.C. § 2113(a, d).

Prior to trial, the Government filed a motion requesting the district court take judicial notice that the Bank was federally insured on the date of the robbery. In support of its motion, the Government presented a "Certified Duplicate of Insurance" which was dated August 9, 1989, and certified that all of the Bank's deposits were federally insured. The Government also presented a "Certificate of Proof of Insured Status" executed by Patti Fox (Fox), assistant executive secretary of the Federal Deposit Insurance Corporation (FDIC). This certificate was actually a dec-

** Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

laration by Fox which gave the chronology of the Bank's insured status and stated that, after a diligent search of the records of the FDIC, no record was found terminating the Bank's insurance. Finally, the Government offered the declaration of Dennis Saunders (Saunders), the executive vice president of the Bank. Saunders stated that, according to his personal knowledge, the Bank had been insured by the FDIC since August 9, 1989, and that the Bank's FDIC insurance premiums had been paid for the period covering the date of the robbery.

The court granted the Government's motion and took judicial notice of the Bank's FDIC insured status. During trial, the documents were entered into evidence over Chapel's objections. After taking judicial notice of the Bank's insured status during trial, the court informed the jurors that:

> When a court declares that it has taken judicial notice of some fact or event, you may accept the court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judges of the facts.

Using the same language, the district court reiterated this point when it instructed the jury. Chapel was convicted on all counts and timely appeals his armed robbery conviction.

## DISCUSSION

### A. Sufficiency of the Evidence

"We will reverse a conviction for insufficient evidence if reviewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. James*, 987 F.2d 648, 650 (9th Cir.1993) (quotations and brackets omitted). Chapel makes two arguments in support of his contention that the Government presented insufficient evidence to support a finding that the Bank was federally insured. First, he argues there was insufficient evidence because a bank official did not testify to the Bank's FDIC insured status. Second, he argues the Government must offer more evidence than the certificate of insurance to establish the Bank was insured on the date of the robbery.

Chapel makes this argument despite the fact the Government did offer more evidence than the certificate of insurance. Indeed, it offered Fox's declaration and Saunders' declaration as well.

■ We have previously rejected the argument that a bank official's testimony is necessary to prove the federally insured status of a bank. In *United States v. Bellucci*, 995 F.2d 157, 160–61 (9th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 2719, 129 L.Ed.2d 844 (1994), we held that the defendant is not entitled to have the bank's insured status proven solely by direct evidence, *i.e.*, through the testimony of an FDIC representative. *Id.* at 160. Instead, we held that circumstantial evidence of insured status, such as an FDIC certificate of insurance, could be admitted in place of an FDIC representative's testimony. *Id.* Further, we held that admission of this certificate to prove the bank's insured status did not violate the defendant's Confrontation Clause rights. *Id.* at 161. We reasoned that "[b]ecause the certificate of insurance is not hearsay, no special showing is required under the Confrontation Clause before it may be admitted in place of testimony by a representative from the FDIC." *Id.* Consequently, we reject Chapel's argument that there was insufficient evidence because no bank official testified to the Bank's insured status.

■ However, we do agree with Chapel's contention that the Government must offer more evidence than the certificate of insurance to establish the Bank was insured on the date of the robbery. Although we noted in *Bellucci* that "[t]here is no question the FDIC certificate of insurance was sufficient," *id.* at 160, in that case, we did not specifically address a sufficiency of the evidence challenge, nor did we address the sufficiency of the certificate of insurance in establishing the insured status of a bank on the actual date of the robbery. Thus, we conclude this statement was dicta.

Other courts have held that "[a] certificate of insurance alone does not adequately establish that the financial institution is FDIC–insured *on the date* the charged offense occurred." *United States v. Darrell*, 828 F.2d

644, 648 (10th Cir.1987); *see also United States v. Shively*, 715 F.2d 260, 265 (7th Cir.1983), *cert. denied*, 465 U.S. 1007, 104 S.Ct. 1001, 79 L.Ed.2d 233 (1984), *United States v. Platenburg*, 657 F.2d 797, 799–800 (5th Cir.1981). In *United States v. Washburn*, 758 F.2d 1339, 1340 (9th Cir.1985), we adopted the Fifth Circuit's reasoning in *Platenburg* that a certificate of insurance, which antedates the crime, is by itself "insufficient to support a finding of federally insured status." *Id.* at 1340. Thus, we hold that additional evidence is required to establish the certificate of insurance was valid on the date of the crime.

The additional evidence offered by the Government in this case to prove the certificate of insurance was valid on the date of the crime was Fox's declaration that, after a diligent search of the FDIC records, no record was found terminating the Bank's insured status. This declaration was admissible pursuant Fed.R.Evid. 803(10).[1] *See United States v. Neff*, 615 F.2d 1235, 1241–42 (9th Cir.) (holding certification of absence of tax returns admissible under Rule 803(10)), *cert. denied*, 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980). And, like the certificate of insurance, admission of Fox's declaration did not violate Chapel's Confrontation Clause rights. *See United States v. Hutchinson*, 22 F.3d 846, 852 (9th Cir.1993) (holding document admitted pursuant to Rule 803(10) had sufficient indicia of reliability and "its introduction did not violate the defendant's right of confrontation").

■ We hold that Fox's declaration was sufficient to establish the Bank was federally insured on the date of the robbery because it proved the Bank's certificate of insurance remained valid even though it antedated the crime by two years. *See Darrell*, 828 F.2d at 648–49 (holding certification by FDIC that no document existed terminating insurance was sufficient). However, we do not hold that such a declaration is the only type of

evidence which is sufficient to establish the certificate of insurance remained valid on the date of the robbery. We recognize there are many other types of admissible evidence which would also be sufficient. *See id.* at 648 (noting variety of other evidence which may satisfy proof requirement).

■ In sum, we hold that there was sufficient evidence to establish the Bank was insured on the date of the robbery. The Government submitted the certificate of insurance which established the Bank became federally insured on August 9, 1989, two years prior to the robbery. Under *Bellucci*, it was not necessary to have an FDIC representative testify to the substance of the certificate. Also, the Government submitted Fox's declaration which stated that, after a diligent search, no record was found terminating the Bank's insured status. This additional evidence established the certificate of insurance remained valid on the date of the robbery.

Chapel also argues the district court should not have allowed the Government merely to admit Saunders' declaration, but instead, the Government should have been required to call Saunders to testify so that he would be subject to cross-examination and the jury could have determined his credibility. Because we hold that the certificate of insurance and Fox's declaration were sufficient to establish the Bank was federally insured on the date of the robbery, we do not need to resolve the issue of whether Government should have admitted Saunders' direct testimony. Saunders' declaration, stating the Bank's insurance premiums had been paid, was not necessary to establish the Bank's insured status on the date of the robbery in light of Fox's declaration, and it was merely cumulative evidence. Likewise, Saunders' testimony to the same effect would also have been cumulative. Consequently,

---

1. Rule 803(10) provides that the following are not excluded by the hearsay rule, even though the declarant is available as a witness:

   To prove the absence of a record, report, statement, or data compilation, in any form, or the nonoccurrence or nonexistence of a matter of which a record, report, statement, or data compilation, in any form, was regularly made and preserved by a public office or agency, evidence in the form of a certification in accordance with rule 902, or testimony, that diligent search failed to disclose the record, report, statement, or data compilation, or entry.

   Fed.R.Evid. 803(10).

we hold that Saunders' failure to testify does not require reversal of Chapel's conviction.

### B. *Judicial Notice*

We review the district court's decision to take judicial notice under Fed.R.Evid. 201 for abuse of discretion. *Castillo–Villagra v. INS,* 972 F.2d 1017, 1028 n. 4 (9th Cir.1992); *see also Peabody v. Maud Van Cortland Hill Schroll Trust,* 892 F.2d 772, 777–78 (9th Cir. 1989), *cert. denied,* 496 U.S. 937, 110 S.Ct. 3216, 110 L.Ed.2d 663 (1990).

Chapel contends the court usurped the jury's role as fact finder by taking judicial notice of the federally insured status of the Bank. He argues that by taking judicial notice, the district court denied him the right to have his guilt determined beyond a reasonable doubt with respect to every fact necessary to constitute the crime charged. We disagree.

Rule 201 permits a court to take judicial notice of adjudicative facts "not subject to reasonable dispute." [2] Fed.R.Evid. 201(a). In a criminal case, however, the trial court must instruct the "jury that it may, but is not required to, accept as conclusive any fact judicially noticed." Fed.R.Evid. 201(g).

Prior to the adoption of Rule 201, this court addressed the issue of whether a trial court may take judicial notice of the insured status of a bank in *Schoepflin v. United States,* 391 F.2d 390, 396–97 (9th Cir.), *cert. denied,* 393 U.S. 865, 89 S.Ct. 146, 21 L.Ed.2d 133 (1968). In that case, the trial court took judicial notice of the bank's insured status based on an FDIC certificate of insurance and on a bank employee's testimony. *Id.* at 396. However, it instructed the jury that it "must not be influenced by any opinion expressed by the court on any question of fact, and that the jurors must determine for themselves all questions of fact without regard to any opinion [of] the court." *Id.* at 397 (quotation, ellipses and footnote omitted). We noted that the evidence upon which the district court relied to take judicial

notice was substantial and undisputed, *id.* at 396–97, and we held that "the trial court's ... judicial notice constituted no more than a permissible comment on the evidence." *Id.* at 397.

■ In this case, as in *Schoepflin,* the evidence of the Bank's FDIC insured status was substantial and undisputed. As previously noted, the certificate of insurance established that, as of August 9, 1989, the Bank was federally insured, and Fox's declaration established the FDIC had no record of terminating the Bank's insurance. We agree with the district court that the FDIC, the insuring agency itself, is a "source whose accuracy cannot be reasonably questioned." Based on this evidence, we hold that the fact of the Bank's FDIC insured status was not subject to reasonable dispute and that the district court did not err by taking judicial notice pursuant to Rule 201.

■ Nor did the district court usurp the jury's fact-finding role by taking judicial notice. The court instructed the jury that "you may accept the court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judges of the facts." During trial, at the time it took judicial notice of the Bank's insured status, the district court also informed the jury it was not required to accept the court's declaration. These instructions were sufficient to inform the jury it was not required to accept as conclusive the fact that the Bank was federally insured, and thus, the district court complied with Rule 201(g).

### CONCLUSION

Because the Government admitted the Bank's certificate of insurance and Fox's declaration certifying that this certificate was valid on the date of the robbery, we hold that there was sufficient evidence to establish the Bank was federally insured on the date of the robbery. Further, we hold that the district

---

**2.** Rule 201(a) provides in part:

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdic-

tion of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
Fed.R.Evid. 201(a).

court did not abuse its discretion by taking judicial notice of the FDIC insured status of the Bank. Nor did it divest the jury of its authority as sole arbiter of the facts because it properly instructed the jury in accord with Rule 201(g).

AFFIRMED.