52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd Eugene CANNADY, Defendant-Appellant.
 No. 95-50207.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1995.
Decided April 11, 1995.
 
 Before: FERGUSON, BEEZER, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Todd Eugene Cannady appeals from his conviction and sentence following a jury trial for armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d). Cannady contends that the jury selection system that was used to select his jury is unconstitutional because it did not produce a fair cross section of the community. We have addressed this issue in a separate opinion. Cannady appeals on four additional grounds, contending that the district court erred 1) in admitting a Certificate of Proof of Insured Status as evidence that the bank which was robbed was FDIC-insured on the date of the robbery; 2) in allowing the government to strike language from his indictment; 3) in allowing the prosecution to cross examine him regarding two prior felony convictions; and 4) in imposing consecutive sentences on him. We reject all four contentions and affirm.
 
 
 3
 The Certificate of Proof of Insured Status is a declaration prepared by Patti Fox, assistant executive secretary for the FDIC, stating that no record had been found terminating the bank's insured status. Cannady objects to its admission as well as its sufficiency in proving that the bank was insured on the day of the robbery. Cannady also argues that it violates the best evidence rule. In United States v. Chapel, 41 F.3d 1338, 1340-41 (9th Cir.1994), this court upheld the admissibility and sufficiency of proof of exactly the same type of document, entitled a Certificate of Proof of Insured Status, which was also prepared by Patti Fox. The district court did not err in admitting the Certificate of Proof of Insured Status. Since the original Certificate was introduced at trial, the best evidence rule was not violated. Fed.R.Evid. 1002.
 
 
 4
 Cannady also contends that his Fifth Amendment right to an indictment by a Grand Jury was violated, because the district court allowed the words "Orange County" to be stricken from the indictment under which Cannady was charged. The indictment stated that the crime was committed at 1050 West 6th Street, Corona, Orange County, California; however Corona is actually in Riverside County. "Correction of clerical errors and 'reading out' of surplusage is permitted ... as long as the defendant is not prejudiced thereby." United States v. Aguilar, 756 F.2d 1418, 1423 (9th Cir.1985). In United States v. Lim, 984 F.2d 331, 337 (9th Cir.), cert. denied, 113 S.Ct. 2944 (1993), for example, this court allowed the government to change a code section with a typographical error in the indictment. Because the precise location of the crime was clear without the specification of a county, the district court merely corrected a clerical error as to surplusage in the indictment. The correction in no way prejudiced Cannady.
 
 
 5
 Cannady next contends that the district court erred in allowing the government to cross examine him regarding two prior felony convictions, because the similarity of the two prior crimes to the crime committed was so prejudicial that it outweighed their impeachment value. Prior felony convictions may only be used to impeach a witness if their probative value outweighs their prejudicial effect on the defendant and not more than ten years have elapsed since the date of conviction or confinement for those convictions. Fed.R.Evid. 609(a) and (b). This court reviews the district court's decision to allow use of prior felony convictions pursuant to Fed.R.Evid. 609 for an abuse of discretion. United States v. Givens, 767 F.2d 574, 579 (9th Cir.), cert. denied, 474 U.S. 953 (1985).
 
 
 6
 In United States v. Browne, 829 F.2d 760, 762-63 (9th Cir.1987), cert. denied, 485 U.S. 991 (1988), this court provided a list of factors to be considered by a district court in determining whether or not to admit prior felony convictions:
 
 
 7
 (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and, (5) the centrality of the defendant's credibility.
 
 
 8
 The district court considered all the factors in this case and determined that the only factor weighing against admission of the two prior convictions was the similarity factor. Cannady's credibility and testimony were central to the case on such issues as motive to commit the robbery. Id. at 764. See also United States v. Perkins, 937 F.2d 1397, 1406 (9th Cir.1991) ("the admission under Rule 609 of a bank robbery conviction in a bank robbery trial is not an abuse of discretion when the conviction serves a proper impeachment purpose, such as when the defendant's testimony and credibility are central to the case"). Thus the district court did not abuse its discretion in allowing the government to cross examine Cannady about the two prior felony convictions.
 
 
 9
 With respect to Cannady's final contention, that the district court erred in imposing consecutive sentences, it is clear that the Sentencing Guidelines that were in effect when Cannady was sentenced required that consecutive sentences be imposed if "the defendant was on ... parole ... at the time of the instant offense, and has had such ... parole ... revoked." United States Sentencing Guidelines Sec. 5G1.3, Application Note 4. See United States v. Fagan, 996 F.2d 1009, 1017 (9th Cir.1993) (the district court must apply the version of the sentencing guidelines in effect on the date of sentencing). Accordingly, we find no error in the district court's ruling on this point as Cannady's parole status met the language of the Guidelines.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3