76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marcus Robert CASTANEDA, a/k/a Marcos Robert Castaneda,
Defendant-Appellant.
 No. 94-50414.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 16, 1995.*
Decided Jan. 18, 1996.
 
 1
 Before: CHOY, SNEED, and FERGUSON Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Marcus Robert Castaneda appeals his conviction of four counts of bank robbery pursuant to 18 U.S.C. § 2113(a) and (d). Castaneda contends that: (1) the district court erred by denying his Sixth Amendment right to self-representation; and (2) evidence of the bank's federal insurance was insufficient to sustain his conviction. We affirm.
 
 
 4
 * A defendant's right to self-representation may be denied if he is unwilling or unable to abide by rules of courtroom procedure and protocol. McKaskle v. Wiggins, 465 U.S. 168, 173 (1984); Savage v. Estelle, 924 F.2d 1459, 1466 (9th Cir.1990), cert. denied, 501 U.S. 1255 (1991).
 
 
 5
 Castaneda repeatedly addressed the court out of turn and failed to answer the court's questions. When he did provide answers, they were unintelligible and non-responsive. When informed by the court that he had to follow courtroom procedures, he mocked the court, and attempted to provoke a confrontation. Castaneda's continuous outbursts demonstrated that he was either unwilling or unable to abide by rules of courtroom procedure and protocol. Therefore, we affirm the district court's denial of Castaneda's right to self-representation.
 
 II
 
 6
 Proof of Federal Deposit Insurance Corporation (FDIC) insurance is an element of the crime of bank robbery. 18 U.S.C. § 2113(f) (1988). A certificate of insurance predating the robbery is insufficient, by itself, to establish federal insurance status. There must be additional evidence to establish that the certificate was valid on the date of the crime. United States v. Chapel, 41 F.3d 1338, 1341 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 2017 (1995).
 
 
 7
 In the present case, the government introduced a certified copy of insurance. Additionally, the bank manager testified that the bank was insured on the date of the robbery. This was sufficient to demonstrate that the bank was federally insured at the time of the robbery. Id. at 1340-41. Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3