133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allen Raymond JOHNSON, Defendant-Appellant.
 No. 95-50502.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1997.
Decided Dec. 19, 1997.
 MEMORANDUM*
 I.
 
 1
 Allen Raymond Johnson appeals his jury conviction on 11 counts of making false statements to federally insured financial institutions in violation of 18 U.S.C. § 1014.
 
 
 2
 Johnson argues that there was not enough evidence at trial to establish that the Bank of America, California Federal Bank and Mercury Savings were federally insured institutions. He argues that the trial court erred in defining "knowingly" for the jury.
 
 
 3
 A sufficiency of evidence claim is viewed in the light most favorable to the government to determine whether a rational trier of fact: could have found the essential elements of the crime beyond a reasonable doubt. United States v. Allen, 88 F.3d 765, 768 (9th Cir.1996), cert. denied, 117 S.Ct. 1565 (1997).
 
 A. California Federal Bank
 
 4
 There was insufficient evidence that California Federal Bank was federally insured. The following evidence was before the jury: A certificate of insurance, a certification from an assistant executive secretary of the FDIC, the absence of a stamped closure date on the certificate of insurance, and two loan applications that referred to potential criminal liability under 18 U.S.C. § 1014 for making false statements to a federally insured bank. An FDIC certificate by itself is not sufficient evidence that a bank is federally insured. United States v. Chapel, 41 F.3d 1338, 1340-41 (9th Cir.1994). Viewing this evidence in the light most favorable to the government, a rational trier of fact could not have found beyond a reasonable doubt that California Federal Bank was federally insured in September and October of 1990. Nor is there sufficient circumstantial evidence to permit a jury to draw an inference of insurance beyond a reasonable doubt. In short, the proof was inadequate.
 
 B. Bank of America
 
 5
 Likewise, the evidence that Bank of America was federally insured was inadequate. A copy of the Bank of America's certificate of insurance, the certificate of an assistant secretary of the FDIC, and the absence of a closure notation on the certificate was presented as proof of insurance. The antiquated certificate was dated 1969, twenty years before the defendant made false statements. The absence of a closure notation does not support an inference that Bank of America's insurance was not closed or canceled when the offense occurred. The evidence of the certificate of insurance is not enough, by itself, to sustain Johnson's convictions on the counts of the indictment pertaining to Bank of America, Id. At 1340.
 
 C. Mercury Savings
 
 6
 There was sufficient evidence that Mercury Savings was federally insured. A certificate of insurance showed Mercury was insured, four months before the false statements were made. There was also a notation pertaining to federal insurance on correspondence from Mercury Savings dated February 1 and February 12, 1990, that shows or corroborates the existence of federal insurance during the relevant time period. United States v. Allen, 83 F.3d 765, 769 (9th Cir.1996). There was sufficient evidence for the jury to infer that Mercury Savings was insured when the false statements were made
 
 D. Jury Instruction
 
 7
 The jury instruction defining "knowingly" is correct. The definition of "knowingly" given in the instructions to the jury was proper. See United States v. Gravenmeir, 121 F.3d 526 (9th Cir.1997).
 
 III.
 
 8
 The district court's judgment is affirmed in part and reversed in part. The conviction of Johnson for providing false statements to Bank of America and California Federal Bank are REVERSED. The conviction with regard to Mercury Savings is AFFIRMED.
 
 
 
 **
 The honorable Donald W. Molloy, United States District Judge for the district of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3