**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John Allen WAGNER, Defendant–
Appellant.**

**No. 98–50707.
D.C. No. CR–96–00779–RSWL.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001.[*]

Decided Sept. 19, 2001.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Federal prisoner John Allen Wagner appeals pro se his conviction and 210 month sentence for seven counts of bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

■■■ Wagner first contends the FDIC certificates of insurance were erroneously admitted at trial. Because Wagner did not timely object to their admission, we review for plain error. *See United States v. Pino–Noriega,* 189 F.3d 1089, 1097 (9th Cir.), *cert. denied,* 528 U.S. 989, 120 S.Ct. 453, 145 L.Ed.2d 369 (1999). Wagner's contention is without merit because the certificates fall outside the definition of hearsay. *See United States v. Bellucci,* 995 F.2d 157, 160–61 (9th Cir.1993); *see also United States v. Alexander,* 48 F.3d 1477, 1486–87 (9th Cir.1995) (upholding admission of FDIC certificates under Fed. R.Evid. 803(24)); *United States v. Chapel,* 41 F.3d 1338, 1340–41 (9th Cir.1994) (upholding admission under Fed.R.Evid. 803(10)). Despite Wagner's arguments to the contrary, the FDIC's records were properly authenticated and satisfied the best-evidence rule.[1]  *See* 12 U.S.C. § 1820(f); Fed.R.Evid. 902(1), 1005.

Wagner next contends the evidence presented was insufficient to prove that the banks were federally insured. A conviction will be reversed for insufficient evidence only if, after reviewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found an essential element beyond a reasonable doubt. *See United States v. Gil,* 58 F.3d 1414, 1423 (9th Cir.1995). Because we have concluded that the FDIC's records were properly admitted, Wagner's contention is without merit. *See Chapel,* 41 F.3d at 1341.

■■■ Wagner also contends the government impermissibly vouched for the veracity of its witnesses. We review whether the government improperly vouched for the credibility of witnesses for plain error.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Wagner requests this court to take judicial notice of the FDIC's manual for processing requests for certification. While the existence of the manual may be judicially noticed, the legal conclusions Wagner infers from it are inappropriate for judicial notice because they include disputed facts. *See* Fed.R.Evid. 201(b).

See United States v. Daas, 198 F.3d 1167, 1174 (9th Cir.1999), cert. denied, 531 U.S. 999, 121 S.Ct. 498, 148 L.Ed.2d 468 (2000). Wagner's contention is without merit because the record does not show that the government placed its prestige behind any witnesses. See United States v. Sarkisian, 197 F.3d 966, 989–90 (9th Cir.1999), cert. denied, 530 U.S. 1220, 120 S.Ct. 2230, 147 L.Ed.2d 260 (2000).

Wagner further contends his sentence violated Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because Wagner did not object at sentencing, we review for plain error. See United States v. Nordby, 225 F.3d 1053, 1059–60 (9th Cir.2000). Wagner's contention is without merit because his 210 month sentence is less than the twenty year maximum provided in 18 U.S.C. § 2113(a); as such, Apprendi is not implicated. See United States v. Egge, 223 F.3d 1128, 1131 n. 1 (9th Cir.2000); see also United States v. Pacheco–Zepeda, 234 F.3d 411 (9th Cir.2000) (concluding Apprendi did not overrule Almendarez–Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)), cert. denied, —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001). In addition, the district court properly sentenced Wagner to supervised release and ordered him to pay restitution. See 18 U.S.C. §§ 3663A, 3583(b)(2).

Finally, Wagner, for the first time in his reply brief, contends he is entitled to a hearing on whether his prior burglary conviction qualifies as a predicate conviction for sentence-enhancement purposes. See Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). We decline to address this conten-

tion because "[i]ssues not 'specifically and distinctly raised and argued' in the opening brief need not be considered by the court." United States v. Montoya, 45 F.3d 1286, 1300 (9th Cir.1995).

**AFFIRMED.**