Tom TANG; Hong Tang, individually and as successors in interest to the Estate of Tuan Thanh Tang, Plaintiffs—Appellants,

v.

CITY OF WESTMINSTER; Westminster Police Department; James Bodine; Thomas Blackburn; Clemente Bustos; James Cook; C. Duong; Brian Emerson; Lyle Gensler; Brian Kenneth Mayer; M. Schliskey; Dean Sonderholzer; Orange County Fire Authority; Charles Prather; Rocco Defrancesco; Steven Flores; Paul Ravize; Raymond Geagan; Bob Wiles, Defendants—Appellees.

No. 01–56613.

D.C. No. CV–99–00358–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2003.

Decided Jan. 23, 2004.

Van Thai Tran, Westminster, CA, Geoffrey C. Lyon, Esq., Lyon Law, Coto de Caza, CA, for Plaintiffs–Appellants.

Peter J. Ferguson, Ferguson, Praet & Sherman, Santa Ana, CA, Jules S. Zeman, Haight, Brown & Bonesteel, LLP, Los Angeles, CA, Kevin M. Osterberg, Haight, Brown & Bonesteel, LLP, Riverside, CA, for Defendants–Appellees.

Before PREGERSON, COWEN,* and W. FLETCHER, Circuit Judges.

### MEMORANDUM**

The Tangs brought this claim under 42 U.S.C. § 1983, alleging the violation of their son Tuan's civil rights by the City of Westminster and the Westminster Police Department (the "Westminster defendants") and the Orange County Fire Authority ("OCFA"), as well as several individual officers. The Tangs also raised state law claims. In district court, the Tangs contended that the officers' use of excessive force and failure to provide medical care led to the death of their son, while the Westminster defendants argued that Tang died because of complications from a cocaine overdose. The jury found for the Westminster defendants, and the Tangs brought this appeal. The Tangs also appeal a grant of summary judgment to the OCFA. We affirm both the jury verdict and the grant of summary judgment.

■ The Tangs first contend that the district court erred by instructing the jury that it was required to find gross negli-

gence. The plaintiffs waived the error, however, by failing to object precisely and specifically before the jury retired to consider its verdict. See Fed.R.Civ.P. 51; *Hammer v. Gross,* 932 F.2d 842, 847 (9th Cir.1991) (en banc).

■ The trial court did not abuse its discretion by excluding autopsy photos as unfairly prejudicial. See Fed.R.Evid. 403. District courts have "wide latitude" when they balance the prejudicial effect of proffered evidence against its probative value. *United States v. Spencer,* 1 F.3d 742, 744 (9th Cir.1992) (citation and internal quotation omitted).

■ The district court did not abuse its discretion by confining total trial time to seven and a half days, half of which was devoted to plaintiffs' case. See *Amarel v. Connell,* 102 F.3d 1494, 1513 (9th Cir.1996) (a district court is "generally free to impose reasonable time limits on a trial").

■ The district court did not abuse its discretion by refusing to take judicial notice that City of Westminster officials tampered with jail cell drains, when plaintiffs did not offer a consistent, uncontested theory about how officials modified the drains, and when the judge allowed plaintiffs to present their arguments to the jury. See Fed.R.Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute"); *see also United States v. Chapel,* 41 F.3d 1338, 1342 (9th Cir.1994) (decision to take judicial notice is reviewed for abuse of discretion).

■ The allegations of jury bias here do not constitute "colorable" evidence of juror bias sufficient to require the court to investigate. See *Dyer v. Calderon,* 151 F.3d

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

970, 974–75 (9th Cir.1998) (a colorable claim of bias requires investigation); *Fields v. Woodford,* 309 F.3d 1095, 1107 (9th Cir.2002), *amended by* 315 F.3d 1062, 1062–63 (9th Cir.2002) (declining to consider "vague and speculative" declarations as evidence of juror bias). We need not consider, therefore, whether Federal Rule of Evidence 606(b) bars testimony about jury deliberations in this case.

■ Finally, even when construed most favorably for the plaintiffs, the evidence reveals no triable issue of material fact that the OCFA had a policy or practice of facilitating warrantless entries by the Westminster Police Department. It is not illegal or unconstitutional for the OCFA to call the police when responding to an emergency call reporting violent or criminal behavior. *See U.S. v. Bradley,* 321 F.3d 1212, 1214–15 (9th Cir.2003) (applying emergency exception to the Fourth Amendment's warrant requirement). The district court was therefore correct to grant summary judgment to the OCFA.

AFFIRMED.