**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Bernest COLLINS, Defendant— Appellant.**

No. 03–10414.

D.C. No. CR–84–00104–SI.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 11, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ross W. Nadel, Asst. U.S. Atty., Hannah Horsley, USSF—Office of the U.S. Attorney, San Francisco, CA, for Plaintiff—Appellee.

Bernest Collins, Atwater, CA, Pro se.

Before B. FLETCHER, TROTT and PAEZ, Circuit Judges.

## MEMORANDUM**

Bernest Collins appeals pro se from the district court's denial of his motion, brought under former Fed.R.Crim.P. 35(a), to correct his sentence imposed following his jury trial conviction for conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371, and armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Collins contends that the district court grossly abused its discretion when it denied his Rule 35(a) motion. We disagree. The district court did not abuse its discretion by determining that the stipulation entered into by the parties and read to the jury provided sufficient evidence from which a rational juror could infer that the deposits of the banks were federally insured at the time of the offenses alleged in the indictment. *See United States v. Chapel,* 41 F.3d 1338, 1340 (9th Cir.1994) (stating that a bank official's testimony is not required to prove the federally-insured status of a bank); *United States v. Mathews,* 833 F.2d 161, 164 (9th Cir.1987) (holding that parties may stipulate to facts from which jurisdiction may be inferred).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.