**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTIE BOWERS,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>ROBIN KLETKE and ROBIN COHEN,<br>husband and wife and the marital<br>community composed thereof,<br><br>       Defendants - Appellees. | No. 10-35975<br><br>D.C. No. 2:08-cv-01768-RSM<br><br><br>MEMORANDUM[*] |
| CHRISTIE BOWERS,<br><br>       Plaintiff - Appellee,<br><br>  v.<br><br>ROBIN KLETKE and ROBIN COHEN,<br>husband and wife and the marital<br>community composed thereof,<br><br>       Defendants - Appellants. | No. 10-36030<br><br>D.C. No. 2:08-cv-01768-RSM |

Appeal from the United States District Court
for the Western District of Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted July 13, 2011
Seattle, Washington

Before: CLIFTON and N.R. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[**]

Christie Bowers appeals the district court's grant of summary judgment for defendants and the district court's partial denial of her motion for leave to amend her complaint. We reverse with respect to the former and affirm on the latter.

Defendants cross-appeal, asserting that the district judge abused his discretion in refusing to sanction Bowers for delays by dismissing her case. We affirm.

"Summary judgment is appropriate here only if no reasonable juror, viewing the evidence in the light most favorable to [Bowers] could find for [Bowers] by a preponderance of the evidence." *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 922 (9th Cir. 1987). Bowers presented evidence that defendants logged in to her email account on numerous occasions, sometimes for several hours at a time. Based on that evidence, it would not be unreasonable for a juror to conclude either (1) that such viewing by defendants necessarily entailed "recording" by the

---

[**] The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation..

2

computer used by defendants, or (2) that defendants, in accessing Bowers' email account numerous times for extended periods of time, printed, saved, or otherwise recorded some or all of her emails. There was, therefore, a genuine issue of material fact and summary judgment should not have been granted to the defendants.

A district court's denial of leave to amend a complaint under Federal Rule of Civil Procedure 15 is reviewed for abuse of discretion. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 949 (9th Cir. 2006). "Unless this court has a definite and firm conviction that the district court committed a clear error of judgment, it will not disturb the district court's decision." *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987). It was not an abuse of discretion or an error of judgment for the district court to find that Bowers' delay of 18 months in seeking leave to amend was unreasonable. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (holding that an eight-month delay was unreasonable). Likewise, the district judge's conclusion that defendants would be prejudiced by Bowers' unreasonable delay and by the need for additional discovery and expert research relating to her new claim was not error. Prejudice may be presumed from unreasonable delay. *In re PPA Products Liab. Litig.*, 450 F.3d 1217, 1227-28 (9th Cir. 2006). Bowers'

3

assertion that additional discovery and expert research could have been avoided through judicial notice fails to overcome the district court's contrary conclusion, because grants of judicial notice are a matter of judicial discretion. *See United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994).

"The sanction of dismissal should be imposed only in extreme circumstances . . . [where] deceptive conduct is willful, in bad faith, or relates to the matters in controversy in such a way as to interfere with the rightful decision of the case." *United States v. Nat. Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). Defendants have not pointed to any conduct on Bowers' part that clearly satisfied that standard. The district court did not abuse its discretion in refusing to dismiss Bowers' case without a showing of deceptive conduct.

Because in the present posture of the case, only a state law claim remains, the district court may choose to reconsider whether it should exercise supplemental jurisdiction under 28 U.S.C. § 1367.

**AFFIRMED in part and REVERSED in part; REMANDED.**

**Each party shall bear its own costs.**