**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL SALZ,<br><br>                Plaintiff - Appellant,<br><br>    v.<br><br>STANDARD INSURANCE COMPANY and MTC MANUFACTURING LONG TERM DISABILITY PLAN,<br><br>                Defendants - Appellees. | No. 12-55728<br><br>D.C. No. 2:06-cv-01821-GW-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted December 3, 2013
Pasadena, California

Before: SCHROEDER, NOONAN, and CLIFTON, Circuit Judges.

    In 2004, Joel Salz ("Salz") was injured on the job.  Salz applied for, and was

granted, Social Security benefits.  Salz also applied for, and was denied, long-term

_____

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

disability benefits. In 2006, Salz sued Standard Insurance Company ("Standard") and MTC Manufacturing Long Term Disability Plan ("MTC") claiming improper denial of his claim for long-term disability benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The district court ruled, in 2009, that Standard's denial was proper. Salz appealed.

In a June 1, 2010, memorandum disposition, we reversed and remanded with instructions to "apply the structural conflicts framework as elucidated in *Montour* [*v. Hartford Life & Accident Insurance Co.*, 588 F.3d 623 (9th Cir. 2009)]," specifying four "nonexhaustive facts and circumstances the [district] court should consider on remand." These were: Standard's failure to meaningfully discuss Salz's award of Social Security benefits; Standard's failure to account for Salz's "Own Occupation"; Standard's "unreasonable" reliance on the Dictionary of Occupational Titles ("DOT"); and Standard's "conclusory statement" that Salz's managerial occupation "would typically allow for maximum self regulated flexibility in position change." On remand, the district court, in a 2012 opinion, again held that Standard did not abuse its discretion in denying Salz long-term disability benefits. Salz appeals.

**Social Security Benefits.** We instructed the district court to consider Standard's failure to address substantively the contrary Social Security

2

Administration ("SSA") determination. The district court agreed that Standard had not meaningfully discussed Salz's award of Social Security benefits. The district court held, however, that Standard's failure to address substantively the contrary SSA determination was not grounds for reversal because, "in *Montour*, . . . failure to provide a full explanation for the difference between the SSA's finding of disability and an ERISA plan administrator's finding of non-disability . . . was [not] reversible error *per se*." Even if the failure to meaningfully evaluate a social security disability award is not reversible error per se, it is still a significant error that the district court must appropriately weigh in determining whether a plan administrator abused its discretion. *See Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 679 (9th Cir. 2011) ("Evidence of a Social Security award of disability benefits is of sufficient significance that failure to address it offers support that the plan administrator's denial was arbitrary, an abuse of discretion"). We tasked the district court with determining (which it did) whether Standard had properly accounted for a contrary SSA determination (which Standard had not). Nothing more. The district court erred.

**Own Occupation.** The district court determined that Standard need not consider "the *manner* in which a claimant ha[d] historically performed his or her job requirements"—need not, in other words, consider Salz's Own Occupation.

3

This determination contravenes our instruction and the language of the long-term disability policy. Pursuant to the policy, Standard is "not limited to looking at the way [a claimant] perform[s] [his or her] job for [his or her] Employer, but [Standard] may also look at the way the occupation is generally performed in the national economy." The inference, as this court noted previously, is that Standard *must* look at the way a claimant performs his job for his employer. It may not look solely at how the job is generally performed in the national economy. The district court erred.

**Unreasonable Reliance on the DOT.** The district court failed to consider Standard's "unreasonable" reliance on the DOT. We previously found, quoting the DOT, that "[s]edentary work involves sitting most of the time," which is precisely what Salz cannot do painlessly. The district court concluded that "sedentary" as used in the DOT is a measure of strength and that, therefore, "[b]y being labeled 'Sedentary,' [i]t does not mean that the employee is *required* to sit in order to perform his or her duties." Perhaps; but even if Salz is not required to do so—and this fact is itself far from settled—it is clear from Salz's job analysis that sitting is exactly what Salz does for most of the workday. The district court erred.

**Maximum Flexibility.** Finding no record evidence supporting Standard's claim that Salz's occupation "would allow for maximum flexibility," we instructed

4

the district court to consider this conclusory claim when applying *Montour*'s structural conflicts framework. Upon doing so, the district court determined that "it would seem to be common sense, if nothing else, that an individual acting in a managerial capacity would be able to change his positioning as needed in order to avoid discomfort." But this "common sense" is very much in dispute and, therefore, is not judicially noticeable. *See United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994) (court may only take judicial notice of adjudicative facts "not subject to reasonable dispute" (quoting Fed. R. Evid. 201)). The district court claims to have found record evidence supporting Standard's statement, but then cites to a report by Selvi Springer, a Standard consultant. This citation does little to assuage our concern that Standard—which, as both funding source and administrator, operates under a conflict of interest—was improperly motivated when it denied Salz's benefits. *See Montour*, 588 F.3d at 630, 637. The district court erred.

The district court has not adequately explained how the structural conflicts framework can result in a denial of benefits. We therefore REVERSE and REMAND to the district court to order the award of benefits.

5

FILED

FEB 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

No. 12-55728, *Salz v. Standard Insurance Company, et al.*

CLIFTON, Circuit Judge, dissenting:

I respectfully dissent. Our court's previous memorandum disposition remanded the case to the district court for further proceedings. It did not order benefits or command that the district court reach a specified result. If it had intended to dictate the result, it would have done so, saving the parties and the court substantial time and effort. It did not.

I would affirm the judgment of the district court.