**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENNIE BENTON III,<br><br>            Plaintiff-Appellant,<br><br>  v.<br><br>COUNTY OF LOS ANGELES; DOES, 1 through 10, inclusive,<br><br>            Defendants-Appellees. | No.   21-55991<br><br>D.C. No.<br>2:20-cv-06159-VBF-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted March 1, 2023[**]
San Francisco, California

Before:  HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Bennie Benton appeals pro se from the district court's judgment dismissing

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

with prejudice his 42 U.S.C. § 1983 action on the basis of res judicata. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal based on res judicata. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We review for abuse of discretion the denial of leave to amend, but review de novo the futility of amendment. *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1287 (9th Cir. 2021). We review for abuse of discretion a district court's decision whether to take judicial notice. *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994). We affirm.

I

The district court properly dismissed this action based on res judicata because this action concerns the same claim against the same party as Benton's state-court action against the County of Los Angeles ("the County"), and the state court had entered its final judgment. *See Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148–49 (9th Cir. 2010) (explaining that this court applies res judicata to a state court's decision using the res judicata law of that state); *Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 301 (Cal. 2002) (providing the elements of res judicata under California law); *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 24 Cal. Rptr. 3d 543, 557 (Ct. App. 2004) (holding that "[t]wo proceedings are on the same cause of action if they are based on the

2

same primary right," which is "the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based" (citation and internal quotation marks omitted)).

Neither Benton's amendment to his original complaint nor the information he received before the state court's final judgment alters the analysis. *See Fed'n of Hillside*, 24 Cal. Rptr. 3d at 557 ("Res judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated."); *Clark v. Yosemite Cmty. Coll. Dist.*, 785 F.2d 781, 789 (9th Cir. 1986) (explaining that res judicata applies to "the facts and conditions as they existed at the time the judgment was rendered").

## II

The district court did not abuse its discretion in denying leave to amend because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

## III

The district court did not abuse its discretion in granting the County's requests to take judicial notice because the subjects of those requests were court filings and other documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b);

*see Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir. 2005) (observing that state-court filings can be "helpful in considering matters related to preclusion in the state courts"). The district court did not abuse its discretion in denying Benton's request to take judicial notice because some of the subjects of that request were attached to his amended complaint, such that taking judicial notice of them was unnecessary, and the remainder were legal conclusions or otherwise not noticeable under Rule 201(b).

The County's Motion for Judicial Notice (Dkt. No. 11) is granted.


**AFFIRMED.**